

**SO ORDERED.**
SIGNED this 25th day of June, 2012

_____
Shelley D. Rucker
**UNITED STATES BANKRUPTCY JUDGE**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

_____

### UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF TENNESSEE
### SOUTHERN DIVISION

In re:

RICHARD E. CHASTAIN and                           No. 11-11285
BRENDA S. CHASTAIN                                 Chapter 7

      Debtors;

RICHARD E. CHASTAIN and
BRENDA S. CHASTAIN

      Plaintiffs,

v.                                                                   Adversary Proceeding
                                                                      No. 11-1154

BANK OF AMERICA HOME LOANS

      Defendant.

### MEMORANDUM

Defendant Bank of America Home Loans ("Bank" or "Defendant") moves to dismiss this

adversary proceeding. [Doc. No. 7].[1] Plaintiff debtors Richard E. Chastain and Brenda S. Chastain ("Plaintiffs" or "Debtors") oppose the motion to dismiss. [Doc. No. 10]. The Debtors' complaint asserts a claim for violation of the discharge injunction, 11 U.S.C. § 524(a)(2), and asks that this court declare the Defendant in civil contempt for violation of the discharge injunction.  The Debtors seek punitive damages and attorneys' fees.

The court has reviewed the briefing filed by the parties, the pleadings at issue, and the applicable law and makes the following findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052.

**I.      Background**

The Debtors' filed their chapter 7 voluntary petition in bankruptcy on March 7, 2011. [Bankr. Case No. 11-11285, Doc. No. 1]. In their bankruptcy schedules they indicated that the Defendant held a first and second mortgage on their home and ten acres in Benton, Tennessee. [Bankr. Case No. 11-11285, Doc. No. 1, p. 13]. They noted that the Defendant's first mortgage was worth $100,794.43 and that the Defendant's second mortgage was worth $49,432.93. *Id.* The Bank filed a Proof of Claim on September 6, 2011. [Bankr. Case No. 11-11285, Claim No. 4-1]. The Proof of Claim asserts that the amount of the Bank's claim was $51,038.26 as of the date the case was filed. *Id.* The Debtors received their order of discharge on June 17, 2011.

The Debtors filed this adversary proceeding against the Bank on October 21, 2011. [Doc. No. 1, Complaint]. In their Complaint the Debtors allege the following facts occurred:

> The Defendant was twice named in Schedule D of Debtors/Plaintiffs' petition as a secured creditor with first and secondary mortgage liens on property consisting of a house on 10 acres located at 210 Poplar Street, Benton, Polk County, Tennessee

---

[1] All citations to the court's docket entries are for the docket pertaining to Adversary Proceeding 11-1154, unless otherwise noted.

> 37307, and listed in Schedule A.
>
> Despite the bankruptcy filing, Defendant thereafter continued sending monthly billing invoices on both mortgages to Plaintiffs through the U.S. mail at the Plaintiffs' new address of 1921 Welcome Valley Road, Apt. C, Benton, TN 37307-3624.
>
> On September 13, 2011, the undersigned counsel for the Plaintiffs sent a first class letter to the Defendant, informing it once again of the filing of the petition, the subsequent discharge granted on June 17, 2011, and informing Defendant that continued dunning would be in violation of the discharge injunction of 11 U.S.C. 524(a)(2). . . .
>
> Thereafter, Defendant sent two more billings statements, both dated September 29, 2011, to Plaintiffs at their new address of 1921 Welcome Valley Road, Apt. C, Benton, TN 37307-3624.

Complaint, ¶¶ 3-6.

Exhibit A attached to the Complaint is a letter addressed to the Defendant "Bank of America Home Loans," but not directed to any particular individual at the Bank. [Doc. No. 1-1, Ex. A]. The letter is from the Debtors' attorney and asserts that "you continue dunning efforts, in the form of mailing [the Debtors] billing statements on both the first and second mortgages (copy of your statements dated August 30, 2011)." *Id.* The letter continues to state, "[p]lease be advised that your continued contact with the [Debtors] is in violation of the discharge injunction of 11 U.S.C. 524(a)(2)." *Id.*

Exhibit B attached to the Complaint consists of two billing statements pertaining to payments due on October 1, 2011. [Doc. No. 1-2, Ex. B]. Under the words, "Important Notice" the billing statements state:

> If you do not want us to send your monthly statements in the future, please contact us at 1.800.669.5224.
>
> This statement is being furnished for informational purposes only and should not be construed as an attempt to collect against you personally. While your obligation to Bank of America, N.A. may be discharged by operation of law,

3

> Bank of America N.A. has retained the ability to enforce its rights against the property securing this loan should there be a default.
>
> If you are presently involved in a Chapter 13 proceeding, please be advised that you are required to obey all orders of the Court, including those confirming or modifying the terms of your repayment plan. You may disregard the payment information/coupon below to the extent it conflicts with any order or requirement of the Court. . . .

*Id.*

## II.    Standard of Review

Federal Rule of Bankruptcy Procedure 7012(b) states that Federal Rule of Civil Procedure 12(b) applies to adversary proceedings. *See* Fed. R. Bankr. P. 7012(b). Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must "treat as true all of the well-pleaded allegations of the complaint." *Bower v. Federal Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996)). In addition, a court must construe all allegations in the light most favorable to the plaintiff. *Bower*, 96 F.3d at 203 (citing *Sinay v. Lamson & Sessions*, 948 F.2d 1037, 1039 (6th Cir. 1991)).

The Supreme Court has explained "an accepted pleading standard" that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1969 (2007). The complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir. 1993) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). The court will thus review the

4

motion to dismiss by assuming the facts as alleged by the Debtor.

    **III.    Analysis**

        **A.    Whether the Plaintiffs' Claims Should Be Dismissed for Their Failure Timely to Respond to Defendant's Motion**

The Bank argues that this adversary proceeding should be dismissed because the Debtors failed timely to file a response to the Bank's motion to dismiss. The Bank argues that therefore the Debtors have indicated they do not oppose the motion. The Bank relies on this court's Local Rule 7007-1. E.D. Tenn. LBR 7007-1 in support of its argument. However, the Sixth Circuit has cautioned lower courts that they should consider the merits of an action before dismissing a case for the procedural failure to respond to a motion. *See Stough v. Mayville Community Schools*, 138 F.3d 612 (6th Cir. 1998) (citing *Carver v. Bunch*, 946 F.2d 451 (6th Cir. 1991)). In *Carver* the Sixth Circuit determined that the district court abused its discretion in dismissing the plaintiff's complaint "solely for his failure to respond to the defendants' motion to dismiss." 946 F.2d at 455. Therefore, the court concludes that it will address the merits of this proceeding and that it will consider the opposition briefing filed by the Plaintiffs.

        **B.    Whether a Private Right of Action Exists Pursuant to 11 U.S.C. § 524(a)(2)**

The Bank argues that no private right of action exists under 11 U.S.C. § 524 and that even if there is a private right of action, the Debtors have not demonstrated that the Bank has acted in contempt in violation of 11 U.S.C. § 524.

This court discussed this exact issue in *Stevens v. Citizens Tri-County Bank*, No. 11-1049, 2011 WL 6812807 (Bankr. E.D. Tenn. Dec. 28, 2011). 11 U.S.C. § 524(a)(2) states that a discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal

liability of the debtor, whether or not discharge of such debt is waived; . . . ." 11 U.S.C. § 524(a)(2).

In *In re Stevens* this court addressed the Sixth Circuit decision of *Pertuso v. Ford Motor Credit Co.* in detail. 2011 WL 6812807 at *5 (citing *Pertuso*, 233 F.3d 417 (6th Cir. 2000)). This court explained the ruling in *Pertuso*:

> In *Pertuso* the Sixth Circuit directly addressed whether a private right of action exists under 11 U.S.C. § 524. In that case the debtors brought an action against a creditor that solicited a reaffirmation agreement from them pertaining to their vehicle. The debtors claimed that the creditor violated both the automatic stay provision and the discharge injunction under the Bankruptcy Code. The gravamen of the debtors' claim was that the reaffirmation agreement solicitation by the creditor was an improper debt collection practice, and they brought a purported class action against the creditor in district court.
>
> The Sixth Circuit noted that the question of "[w]hether 11 U.S.C. § 524 impliedly creates a private right of action for an asserted violation of the section is a question of first impression in this circuit." The debtors argued that an implied right of action existed and in the alternative, Section 524 was enforceable through the use of 11 U.S.C. § 105. 11 U.S.C. § 105 provides that bankruptcy courts may issue orders that are necessary or appropriate to carry out provisions of the Bankruptcy Code.
>
> The Sixth Circuit determined that "the obvious purpose" of Section 524(a)(2) "is to enjoin the proscribed conduct – and the traditional remedy for violation of an injunction lies in contempt proceedings, not in a lawsuit such as this one." The court noted that Congress amended 11 U.S.C. § 362 to provide for a private right of action "because reliance on the contempt power to remedy violations of § 362 had been widely criticized." The court then explained that Congress also amended Section 524 at the same time and did not add a private right of action. The Sixth Circuit found that the "contrast . . . is instructive." The Court also concluded that "[l]ower courts addressing the question of whether there is an implied right of action under § 524 have reached conflicting results. The more persuasively reasoned opinions, in our judgment, are those holding that no such right of action exists." It further explained:
>
>> Congress knew that courts were enforcing § 524 through contempt proceedings, and Congress knew how to create a private right of action when it wished to do so, but in this instance it elected to do nothing. As with § 363, we do not believe that the failure to provide for a private right of action in connection with § 524 was

6

> accidental. . . .
>
> As to the argument that violations of § 524 may be remedied
> pursuant to § 105 . . . , we rejected a similar argument in *Kelvin*. In
> holding that § 105 could not be invoked to remedy breaches of §
> 363, we expressed ourselves as follows:
>
>> "[W]e do not read § 105 as conferring on courts
>> such broad remedial powers. The 'provisions of this
>> title' simply denote a set of remedies fixed by
>> Congress. A court cannot legislate to add them."
>
> This remains our view.

*In re Stevens*, 2011 WL 6812807 at *6-7. (citing and quoting *Pertuso*, 233 F.3d at 419-23 and quoting *Kelvin v. Avon Printing Co., Inc. (Matter of Kelvin Publishing, Inc.)*, No. 94-1999, 1995 WL 734481, at *4 (6th Cir. Dec. 11, 1995)).

This court then reviewed the case law in this Circuit after *Pertuso* and noted that, "[f]ollowing *Pertuso*, courts have continued to diverge on whether debtors can bring a private right of action under 11 U.S.C. § 524 through an adversary proceeding, even in this Circuit." *In re Stevens*, 2011 WL 6812807 at *7. This court then reviewed the two approaches taken in *Motichko v. Premium Asset Recovery Corp.*, 395 B.R. 25, 29 (Bankr. N.D. Ohio 2008) and *Frambes v. Nuvell Nat'l Auto Fin., LLC (In re Frambes)*, 454 B.R. 437 (Bankr. E.D. Ky. 2011). It specifically decided that the approach taken in *In re Frambes* was the better reasoned approach and the approach the court would follow.

In *Frambes v. Nuvell Nat'l Auto Fin., LLC (In re Frambes)*, the bankruptcy court specifically disagreed with the holding of *Motichko*. 454 B.R. 437 (Bankr. E.D. Ky. 2011); *see also, Pereira v. First North American Nat'l Bank*, 223 B.R. 28, 30 (N.D. Ga. 1998) (finding no private right of action under Section 524). The *In re Frambes* court relied on both *Pertuso* and on *Barrientos v. Wells Fargo Bank, N.A.*, 633 F.3d 1186 (9th Cir. 2011) in determining that a

contempt action to remedy a violation of the discharge action must be brought as a motion in the main bankruptcy case. In distinguishing *Motichko*, the *Frambes* court noted:

> While this court respects the findings of its sister courts in this circuit, it cannot reconcile the reliance of these courts on § 105 to allow a private right of action in an adversary proceeding where the Sixth Circuit explicitly held in *Pertuso* that § 105 does not confer that power on the bankruptcy court. *Pertuso* was clear that the traditional remedy is a contempt proceeding brought by motion rather than by lawsuit. Section 105 cannot be used to circumvent that ruling.

454 B.R. at 441. The bankruptcy court concluded that "[t]he Ninth Circuit's well-reasoned analysis supports this Court's conclusion that the only remedy for a debtor aggrieved by a violation of the discharge injunction is to seek relief by virtue of a motion in the main bankruptcy proceeding." *Id.* at 443. The court then dismissed the debtor's claim of a violation of the discharge injunction without prejudice and with leave for the debtor to file a motion for contempt in the main bankruptcy case. *Id.*

> As this court noted in *In re Stevens*:
>
> With these facts in mind and in reviewing the two approaches outlined *supra*, the court concludes that the cases following *Pertuso* represent the more well-reasoned approach. The court finds that *Pertuso* explicitly rejected using 11 U.S.C. § 105 as a means of creating a private right of action for violations of the discharge injunction. The court will follow in the footsteps of the court in *Frambes* and *Pertuso*. The court concludes that remedies for a violation of the discharge injunction must be sought through a motion for contempt in the main bankruptcy case and not through a separate adversary proceeding.

2011 WL 6812807 at *8 (citing *Pertuso*, 233 F.3d at 421-23).

As this court has already found that there is no private right of action pursuant to 11 U.S.C. § 524(a) in *In re Stevens*, the court concludes here that a request for sanctions for such a violation must be brought as a motion for contempt in the main bankruptcy case rather than as an adversary proceeding. *See* 2011 WL 6812807. Therefore, Defendant's motion to dismiss this adversary proceeding will be GRANTED.

**IV.     Conclusion**

As explained *supra*, the court concludes that the Plaintiff's Complaint fails to state claims for relief as no private right of action exists under 11 U.S.C. § 524(a).  In addition, Plaintiff's claim for sanctions or other fees should be brought as a motion for contempt in the main bankruptcy case.  For these reasons, the court will GRANT the Defendant's motion to dismiss.  The Plaintiff's request for fees will be DENIED.  The court will DISMISS this adversary proceeding without prejudice to the Plaintiff to bring a motion for contempt.

A separate order will enter.

# # #